# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| BRYAN E. RANSOM,<br>CDCR #H-71641,<br><br>                     Plaintiff,<br><br>vs.<br><br>J.R. WESTPHAL, et al.,<br><br>                     Defendants. | Civil No.   08-1327 DMS (AJB)<br><br>**ORDER SUA SPONTE DISMISSING**<br>**COMPLAINT PURSUANT TO**<br>**28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

## I.

### PROCEDURAL HISTORY

On September 8, 2008, Plaintiff, a state inmate currently incarcerated at the California State Prison located in Corcoran, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4]. The Court granted Plaintiff's Motion to Proceed *IFP* on September 30, 2008 [Doc. No. 5].

On November 26, 2008, this matter was reassigned to District Judge Dana M. Sabraw for all further proceedings [Doc. No. 12].

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(3). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,

839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Here, the Court finds that the Complaint is subject to sua sponte dismissal because it appears from the face of Plaintiff's pleading that some of his claims are barred by the statute of limitations. While Congress has provided no federal statute of limitations governing section 1983 claims, the Supreme Court has held that federal courts should use the forum state's single most appropriate statute of limitations applicable to personal injury actions for all section 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 269 (1985). Relying on *Wilson*, the Ninth Circuit has found that the one-year statute of limitations of California Code of Civil Procedure § 340(3)[1] is the most appropriate. *Usher v. City of Los Angeles*, 828 F.2d 556, 558 (9th Cir. 1987); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam). Federal law, however, determines when a section 1983 cause of action accrues. *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989). Under federal law, a claim generally accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Elliot v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1996) (internal citations omitted).

The entirety of Plaintiff's Complaint arises from allegations relating to events that occurred in April of 2000. (*See* Compl. 4-7.) Plaintiff filed this action on September 8, 2008, eight years after Plaintiff alleges Defendants violated his constitutional rights.

///

---

[1] California Code of Civil Procedure § 340(3) provides a one-year statute of limitations on any civil action for "[l]ibel, slander, assault, battery, false imprisonment, seduction, injury or death from wrongful act or neglect . . . ." CAL. CIV. PROC. CODE § 340(3). On January 1, 2003, this code section was replaced with § 335.1 which now provides for a two-year statute of limitations for these actions.

Plaintiff does not allege any facts to suggest how or why California's two-year statute of limitations might be tolled for a period of time which would make his claims timely. *See*, *e.g.*, CAL. CODE CIV. P. § 352.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (finding that CAL. CODE CIV. P. § 352.1 tolls a California prisoner's personal injury claims accruing before January 1, 1995 for two years, or until January 1, 1995, whichever occurs later, unless application of the statute would result in a "manifest injustice."). Due to Plaintiff's incarceration, pursuant to *Fink*, Plaintiff's claims against Defendants, accruing April of 2000, would be tolled for two years. California's two-year statute of limitations would then begin to run -- requiring Plaintiff to file this action against these Defendants, for the actions that occurred in 2000, no later than April of 2004. However, Plaintiff's Complaint was not filed until September 8, 2008.

Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Under California law, however, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) the defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916. Here, however, it does not appear that Plaintiff has plead any facts which, if proved, would support the equitable tolling of his claims. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993).

Accordingly, the Court must dismiss Plaintiff's Complaint to the extent that it raises claims that are now time barred. However, the Court will permit Plaintiff the opportunity to amend his Complaint to plead facts to support the equitable tolling of his claims.

////
////
////
////

# III.

## CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's Complaint [Doc. No. 1] is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** thirty (30) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

DATED: January 29, 2009

_____
HON. DANA M. SABRAW
United States District Judge