# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| BRYAN E. RANSOM, <br> CDCR #H-71641, <br><br> Plaintiff, <br><br> vs. <br><br> J.R. WESTPHAL, et al., <br><br> Defendants. | Civil No. 08-1327 DMS (AJB) <br><br> **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** <br><br> **[Doc. No. 19]** |

## I.
### PROCEDURAL HISTORY

On September 8, 2008, Plaintiff, a state inmate currently incarcerated at the California State Prison located in Corcoran, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4]. The Court granted Plaintiff's Motion to Proceed *IFP* on September 30, 2008 [Doc. No. 5].

On November 26, 2008, this matter was reassigned to District Judge Dana M. Sabraw for all further proceedings [Doc. No. 12]. The Court dismissed Plaintiff's Complaint on January 29, 2009 for failing to state a claim upon which relief could be granted. *See* Jan. 29, 2009 Order at 5. On February 12, 2009, Plaintiff filed his First Amended Complaint ("FAC"). The Court issued an Order directing the U.S. Marshal to effect service of Plaintiff's First Amended Complaint on February 25, 2009. Plaintiff has now filed a "Motion to Appoint Counsel" [Doc. No. 19].

# I.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests appointment of counsel. Plaintiff does not directly address the reasons why he requires counsel, instead there is a declaration of another inmate, Kevin Fields, submitted in support of Plaintiff's request. "There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

/ / /

The Court agrees that any pro se litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331). However, so long as a pro se litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might *require* the appointment of counsel do not exist. *Id.* (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realms of discovery and the securing of expert testimony.").

The Court finds that Plaintiff's First Amended Complaint involves relatively straightforward Eighth Amendment claims and demonstrates his ability to articulate the facts supporting his claims. Therefore, neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017. For these reasons, the Court finds Plaintiff's Motion for Appointment of Counsel must be denied.

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's Motion for Appointment of Counsel [Doc. No. 19] is **DENIED** without prejudice.

DATED: April 28, 2009

HON. DANA M. SABRAW
United States District Judge