1
2
3
4
5
6
7

8                       **UNITED STATES DISTRICT COURT**

9                       **EASTERN DISTRICT OF CALIFORNIA**

10                               **FRESNO DIVISION**

11

12   BRYAN E. RANSOM,                          Civil No.    1:08-1327 DMS (AJB)
     CDCR #H-71641,
13
                                    Plaintiff,
14                                               **ORDER DENYING DEFENDANTS'**
                                                 **MOTION TO DISMISS PLAINTIFF'S**
15        vs.                                    **COMPLAINT PURSUANT TO**
                                                 **FED.R.CIV.P. 12(b)(6)**
16
17   JR. WESTPHAL, R. MOUNCE, K.
     HOLLAND, E. HOUGH, and D. THISSEN,          **[Doc. No. 22]**
18                                 Defendants.
19

20   **I.        PROCEDURAL BACKGROUND**

21          Plaintiff, proceeding *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), is

22   a state inmate currently incarcerated at California State Prison in Corcoran, California.  He filed

23   a civil rights Complaint on September 8, 2008, pursuant to 42 U.S.C. § 1983 [Doc. No. 1].

24          On January 29, 2009, the Court issued a *sua sponte* order dismissing the Complaint

25   without prejudice pursuant to 28 U.S.C. sections 1915(e)(2)(B) & 1915A(b), because it appeared

26   from the face of Plaintiff's pleading that some of his claims were barred by the statute of

27   limitations.  [*See* Doc. No. 14 at 3.]  However, Plaintiff was granted leave to file a First

28   Amended Complaint to address the deficiencies of the pleading as noted in the dismissal order.

1   (*Id.* at 5.)

2        On February 12, 2009, Plaintiff filed a First Amended Complaint.  [Doc. No. 16.]  On

3   June 15, 2009, Defendants Thissen, Mounce, Holland and Hough filed a Motion to Dismiss

4   pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. No. 22], which is the subject of this

5   Order.  On October 20, 2009, Defendant Westphal filed a joinder in the Motion to Dismiss [Doc.

6   No. 26].  Plaintiff has failed to file an opposition or statement of no opposition within the time

7   period scheduled in the Court's Order Setting Briefing Schedule, filed on September 17, 2009.

8   Pursuant to that Order, the Court now considers the matter fully briefed and hereby issues  its

9   ruling with regard to the motion without hearing or oral argument.

10   **II.       STANDARD UNDER FED. R. CIV. P. 12(b)(6)**

11        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal

12   sufficiency of a claim"  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.  2001).  Because Rule

13   12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a

14   court may [typically] look only at the face of the complaint to decide a motion to dismiss."  *Van*

15   *Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

16        A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough

17   facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

18   544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that

19   allows the court to draw the reasonable inference that the defendant is liable for the misconduct

20   alleged."  *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550

21   U.S. at 556, 570).

22        While allegations of material fact are accepted as true and construed in the light most

23   favorable to the nonmoving party, *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th

24   Cir. 1996), the court need not accept as true generic legal conclusions, unwarranted deductions

25   of fact or unreasonable inferences.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988

26   (9th Cir. 2001); *Iqbal,* 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of

27   action, supported by mere conclusory statements, do not suffice."); *Twombly*,  550 U.S. at 555

28   (on motion to dismiss court is "not bound to accept as true a legal conclusion couched as a

1  factual allegation."). "The pleading standard Rule 8 announces does not require 'detailed factual

2  allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me

3  accusation." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

4        Thus, "[w]hile legal conclusions can provide the framework of a complaint, they must be

5  supported by factual allegations. When there are well-pleaded factual allegations, a court should

6  assume their veracity and then decide whether they plausibly give rise to an entitlement to

7  relief." *Iqbal*, 129 S.Ct. at 1950. "The plausibility standard is not akin to a 'probability

8  requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully."

9  *Id.* at 1949. Where a complaint pleads facts that are "merely consistent with" a defendant's

10 liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

11 *Id.*; *Twombly,* 550 U.S. at 570 (when a plaintiff has not "nudged [his] claims across the line

12 from conceivable to plausible, [his] complaint must be dismissed.").

13       "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual

14 content,' and reasonable inferences [drawn] from that content, must be plausibly suggestive of

15 a claim entitling the plaintiff to relief." *Moss v. United States Secret Service*, 572 F.3d 962, 969

16 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).

17 **III.    DISCUSSION**

18       Defendants seek dismissal of the action on grounds that it is barred by the applicable

19 statute of limitations. [Doc. No. 22 at 7.] Plaintiff contends equitable tolling applies to save his

20 First Amended Complaint (FAC). (FAC at 2-3.)

21       A.    Statute of Limitations

22       While Congress has provided no federal statute of limitations governing section 1983

23 claims, the Supreme Court has held that federal courts should use the forum state's single most

24 appropriate statute of limitations applicable to personal injury actions for all section 1983 claims.

25 *See Wilson v. Garcia*, 471 U.S. 261, 269 (1985). Relying on *Wilson*, the Ninth Circuit has found

26 that the one-year statute of limitations of California Code of Civil Procedure § 340(3)[1] is the

27

28       [1] California Code of Civil Procedure § 340(3) provides a one-year statute of limitations on any
civil action for "[l]ibel, slander, assault, battery, false imprisonment, seduction, injury or death from
wrongful act or neglect. ..." CAL. CIV. PROC. CODE § 340(3). On January 1, 2003, this code section
was replaced with § 335.1 which now provides for a two-year statute of limitations for these actions.

1    most appropriate. *Usher v. City of Los Angeles*, 828 F.2d 556, 558 (9th Cir. 1987); *Trimble v.*

2    *City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam). Federal law, however,

3    determines when a section 1983 cause of action accrues. *Hardin v. Staub*, 490 U.S. 536, 543-44

4    (9th Cir. 1996) (internal citations omitted). Additionally, the statute of limitations is tolled for

5    a maximum of two years during a prisoner's incarceration. *See* CAL. CODE CIV. P. § 352.1; *Fink*

6    *v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (CAL. CODE CIV. P. § 352.1 tolls a California

7    prisoner's personal injury claims accruing before January 1, 1995 for two years, or until January

8    1, 1995, whichever occurs later, unless application of the statute would result in "manifest

9    injustice.").

10       The entirety of Plaintiff's Complaint arises from allegations relating to events that

11   occurred in April of 2000.[2] (*See* FAC at 6-10.) Plaintiff filed this action on September 8, 2008,

12   eight years after Plaintiff alleges Defendants violated his constitutional rights. He should have

13   filed no later than April of 2004, allowing for tolling of two years during incarceration and

14   thereafter the running of California's two-year statute of limitations. Therefore, in the absence

15   of equitable tolling considerations, this action is barred by the statute of limitations.

16       B.    Equitable Tolling

17       Generally, federal courts also apply the forum state's law regarding equitable tolling.

18   *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Under

19   California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1)

20   he must have diligently pursued his claim; (2) his situation must be the product of forces beyond

21   his control; and (3) the defendants must not be prejudiced by the application of equitable tolling.

22   *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App 4th 1328, 1335 (Cal. Ct. App.

23   1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916.

24       Plaintiff contends the statute of limitations was equitably tolled during the pendency of

25   a prior complaint filed November 2, 2000, and dismissed without prejudice, for failure to exhaust

26   remedies, on January 4, 2008, following the filing of a third amended complaint. (FAC at 2-3.)

27   The prior complaint included allegations raised against Defendants in the current case. (*See*

28

---

[2] Plaintiff claims his Eighth and First Amendment rights were violated when Defendants used excessive force against his person, displayed deliberate indifference to his needs, and intercepted his administrative appeal in retaliation.

1   Doc. No. 22, Exhibit (Exh.) F).  Plaintiff asserts the prior proceedings reflect he diligently

2   pursued the claims in issue, that Defendants were aware of the claims the entire time, and that

3   the situation was beyond his control.  (*Id*. at 3.)

4   At the pleading stage, a plaintiff need only "adequately allege facts supporting equitable

5   tolling under California law."  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir.

6   1993).  The Court must thus ask whether Plaintiff's First Amended Complaint alleges facts

7   showing potential applicability of the equitable tolling doctrine.  *Id.*  In California, a statute of

8   limitations is equitably tolled during the pendency of an earlier action if there has been "timely

9   notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part

10  of the plaintiff."  *Addison v. State*, 21 Cal.3d 313, 319 (1978); *Retail Clerks Union Local 648,*

11  *AFL-CIO v. Hub Pharmacy*, 707 F.2d 1030, 1033 (1983).  Defendants do not claim lack of

12  timely notice or that they would suffer prejudice.  Indeed, insofar as the previous action by

13  Plaintiff contained the same claims based on the same incidents, Defendants were given timely

14  notice of possible liability and have had ample opportunity to gather defense evidence.  *Addison,*

15  21 Cal.3d at 318.

16  Defendants argue Plaintiff failed to act diligently or in good faith in pursuing his claims

17  because he failed to exhaust his remedies under the Prison Litigation Reform Act (*see* 42 U.S.C.

18  § 1997e(a)), "and then multiplied the proceedings exponentially with several failed attempts to

19  add dozens of additional defendants and then appealing the judgment against him."  (Doc. No.

20  22 at 7.)  These assertions may only speak to Plaintiff's status as a *pro se* litigant traversing an

21  unfamiliar technical path.  Insofar as this may have been the case, courts have "a duty to ensure

22  that *pro se* litigants do not lose their right to a hearing on the merits of their claim due to

23  ignorance of technical procedural requirements."  *Balistreri v. Pacifica Police Dep't,* 901 F.2d

24  696, 699 (9th Cir. 1990).  Moreover, the "purpose of the [equitable tolling doctrine] is to soften

25  the harsh impact of technical rules which might otherwise prevent a good faith litigant from

26  having a day in court."  *Addison*, 21 Cal.3d at 316.

27  Defendants also claim the delay resulting in the statute of limitations bar was not the

28  product of forces beyond Plaintiff's control.  (Doc. No. 22 at 9.)  However, from November 2,

2000, when Plaintiff first filed his prior complaint, until January 24, 2003, when he filed his third

1  amended complaint, Plaintiff was actively pursuing his claims within the statutory time period.

2  (*See* exhs. A,B,C & D.)  At that point, he still had until April of 2004 to file a timely complaint.

3  Not until five years later on January 8, 2008, did the court issue a final denial of Plaintiff's third

4  amended complaint for failure to exhaust all claims and closed the case.  (*See* exhs. A & F.)

5  During this five-year time period, there was at least one extension of time that was due to the

6  Defendants' request.  (*See* exh. A at 15, doc. no. 68.)  The allegations in the Motion to Dismiss

7  and the exhibits attached thereto do not support a conclusion that Plaintiff's situation was

8  entirely in his control.

9        Based on the above, Plaintiff has adequately pled facts which would support the equitable

10  tolling of his claims.  *Cervantes*,  5 F.3d at 1277.

11  **IV.   CONCLUSION AND ORDER**

12        The Court hereby **DENIES** Defendants' Motion to Dismiss Plaintiff's Complaint

13  pursuant to FED.R.CIV.P. 12(b)(6) [Doc. No. 22].

14        Defendants shall file an Answer within 10 days from the date this Order is stamped

15  "Filed" pursuant to FED.R.CIV.P. 12(a)(4)(A).

16        **IT IS SO ORDERED.**

17

18  DATED:  November 5, 2009

19

20  _____

21  HON. DANA M. SABRAW
    United States District Judge

22

23  CC:      HONORABLE MAGISTRATE JUDGE ANTHONY J. BATTAGLIA
         ALL PARTIES AND COUNSEL OF RECORD

24

25

26

27

28