UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| BRYAN E. RANSOM, CDCR #H-71641,<br><br>                                  Plaintiff,<br><br>vs.<br><br>JR. WESTPHAL, R. MOUNCE, K. HOLLAND, E. HOUGH, and D. THISSEN,<br><br>                                  Defendants. | Civil No.    1:08-1327 DMS (AJB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS PURSUANT TO  28 U.S.C. § 1915(g)**<br><br>**[Doc. No. 34]** |

**I.    INTRODUCTION**

Plaintiff, proceeding *pro se* is  a state inmate currently incarcerated at California State Prison in Corcoran, California.  Before the Court is Defendants' Motion to Revoke Plaintiff's *in forma pauperis* (IFP) status.  [Doc. No. 34.]

Plaintiff has filed an Opposition [Doc. No. 36] and Defendants have filed a Reply. [Doc. No. 37].  For the following reasons the Court **GRANTS** Defendants' motion and **REVOKES** Plaintiff's IFP status.

/ / /

/ / /

## II.     PROCEDURAL BACKGROUND AND APPLICABLE LAW

Pursuant to 28 U.S.C. § 1914(a), "[p]laintiffs normally must pay $350 to file a civil complaint in federal district court," but 28 U.S.C. § 1915(a)(1) "allows the district court to waive the fee, for most individuals unable to afford it, by granting IFP status." *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, under the Prison Litigation Reform Act ("PLRA"), indigent prisoners who are granted leave to proceed IFP, remain obligated to pay the entire $350 balance of fees owed in installments, calculated pursuant to statute and dependent on ability to pay. *See* 28 U.S.C. § 1915(b)(1), (2) & (4); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

On September 30, 2008, Plaintiff was granted leave to proceed IFP having made the requisite financial showing pursuant to 28 U.S.C. § 1915. [Doc. No. 5.] The California Department of Corrections and Rehabilitation ("CDCR") was simultaneously ordered to collect the $350 civil filing fees from Plaintiff's prison trust account in installments and forward them to the Clerk. (*Id.*)

The issue at hand centers around the following provision of the PLRA which precludes the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted).  Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury."  *See* 28 U.S.C. § 1915(g).

**III.   DISCUSSION**

On December 23, 2009 Defendants filed a Motion to Revoke Plaintiff's IFP Status and Dismiss Case [Doc. No. 34].  They argue that at the time this action was filed, Plaintiff was not entitled to IFP status because he has three "strikes" against him pursuant to 28 U.S.C. § 1915(g).

The strikes cited by Defendants are: *Ransom v. Doe, et al.,* Civil Case No. 96cv8204 RSWL (CT) (C.D. Cal. Dec. 6, 1996 Order dismissing case without prejudice for failure to state cognizable claims) (strike one); *Ransom v. Chief Williams, et al.*, Civil Case No. 96cv8203 MRP (CT) (C.D. Cal. Dec. 10, 1996 Order dismissing case without prejudice for failure to state cognizable claims) (strike two); *Ransom v. Sandoval, et.al*, Civil Case No. 01cv513 JM (JAH) (S.D. Cal. Jan. 10, 2002 Order dismissing case without prejudice for failure to state a claim upon which relief can be granted) (strike three).  The Court takes judicial notice of these proceedings in the federal judicial system because they have "a direct relation to matters at issue.'"  *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Although a prisoner's application to proceed IFP does, in the first instance, trigger a *sua sponte* screening for previous strikes "in many instances, the docket records [alone] will not reflect the basis for dismissal."  *Andrews*, 398 F.3d at 1120.   In that case, as occurred here, Plaintiff is granted IFP status, and the "initial production burden" lies with the Defendants who may not simply "rest on the fact of dismissal," but rather must "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions

1 that were dismissed because they were 'frivolous, malicious, or fail[ed] to state a claim.'" *Id.*
2 Defendants have met their initial burden by attaching exhibits of printouts and Dismissal Orders
3 in the cases (cited above) previously filed by Plaintiff in the District Courts of California. [Doc.
4 No. 33.] The Defendants have also shown that each of these dismissals occurred prior to the
5 filing by Plaintiff of this action on September 8, 2008. [Doc. No. 1].

6   "Once Defendants have met this initial burden, the burden then shifts to the prisoner,
7 who must attempt to rebut the defendants' showing by explaining why a prior dismissal should
8 not count as a strike." " *Andrews*, 398 F.3d at 1120.  Plaintiff's Opposition states that two of
9 the cases cited by Defendants are not strikes because dismissal was not due to a failure to state
10 a claim, but due to a lack of jurisdiction. [Doc. No. 36 at 4.]  Plaintiff asserts "the 9th Circuit
11 has long rejected the argument that lack of jurisdiction constitutes a strike under § 1915(g)."
12 To support this assertion Plaintiff cites *Andrews,* 398 F.3d at 1121 for authority.  Presumably
13 Plaintiff is referring to the Ninth Circuit's statement that treating a dismissal for lack of
14 jurisdiction on appeal was too expansive an interpretation of the clause "frivolous, malicious
15 or fails to state a claim." *Id*.

16   Having read the two prior dismissal orders challenged by Plaintiff, the Court does not
17 find the dismissals were based on lack of jurisdiction. *Ransom v. Doe, et al.,* Civil Case No.
18 96cv8204 was dismissed for two reasons: (1) the defendants sued were not proper defendants
19 under section 1983 because they were private, rather than state, actors; and (2) the claim was
20 not cognizable under section 1983 because it necessarily challenged Plaintiff's state conviction
21 and imprisonment, citing *Heck v. Humphrey*, 512 U.S. 477 (1994). *Ransom v. Chief Williams,*
22 *et al.*, Civil Case No. 96cv8203 was dismissed only on the basis of *Heck*.  The *Heck* case held
23 that a § 1983 civil rights complaint may not be used to challenge any claim that would require
24 examining the validity of a Plaintiff's state conviction and sentence. *Heck*, 512 U.S. at 488-89.

25   Plaintiff essentially argues that a dismissal based on *Heck* is one for lack of jurisdiction
26 and not one that may be classified as "frivolous, malicious, or fails to state a claim upon which
27 relief may be granted." The Court disagrees for the following reasons.

28

The Supreme Court in *Heck* stated its ruling was based on a denial of "the existence of a cause of action." *Heck*, 512 U.S. at 489. Other courts have therefore expressed the opinion that a *Heck* dismissal is based on a claim that is frivolous or fails to state a claim upon which relief can be granted and amounts to a strike. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous."); *Sandles v. Randa,* 945 F.Supp. 169, 172 (E.D.Wis., 1996) (dismissal of claim under *Heck* is frivolous and constitutes strike under § 1915(g)); *Okorov. Bowman*, 164 F.3d 1059, 1061 (7th Cir. 1999) (commenting that previous case dismissed as frivolous under *Heck*); *Schafer v. Moore*, 46 F.3d 43 (8th Cir. 1995) ("Therefore, in light of *Heck,* the complaint was properly dismissed for failure to state a claim."); *Franklin v. Cody*, slip copy at *6, n.3, 2010 WL 330348 (E.D. Ark. 2010) ("Dismissals pursuant to Heck are 'strikes' for the purpose of § 1915(g), even though they are dismissals without prejudice.").

In *Andrews* the Ninth Circuit stated, "We have held that the phrase 'fails to state a claim on which relief may be granted, [] parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Andrews* at 1121. "We use the phrase, "failure to state a claim" to refer to the failure, as a substantive matter, to state a constitutional or statutory claim." *Kwai Fun Wong v. U.S.*, 373 F.3d 952, 961 n.13 (9th Cir. 2004). A dismissal for failure to state a claim "is an adjudication on the merits." *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399, n. 3 (1981). This is in contrast to Rules 12(b)(1) and (2) that deal with lack of subject-matter jurisdiction and lack of personal jurisdiction, respectively. Under Rule 12(b)(6) dismissal is based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Furthermore, *Heck* determines whether a claim has "accrued" and accrual of a section 1983 claim "depends upon the substantive basis of the claim." *Harvey v. Caldron*, 210 F.3d 1008, 1013, citing *Cabrera*, 159 F.3d at 380.

In this case, in both the dismissal orders in question, the district court stated, "A civil rights claim challenging the legality of a conviction or length of confinement that has not been [invalidated pursuant to *Heck*] is not cognizable under section 1983." The court noted that

Plaintiff's claims would be more properly raised in a petition for writ of habeas corpus. Thus, clearly the court was dismissing Plaintiff's claim on the basis of a lack of a cognizable legal theory. The cases cited by Defendants count as strikes.

## IV.  CONCLUSION AND ORDER

(1)  For the reasons set forth above, the Court hereby **GRANTS** Defendants' Motion to Revoke Plaintiff's IFP Status pursuant to 28 U.S.C. § 1915(g).

(2)  Plaintiff's IFP status is **REVOKED** pursuant to 28 U.S.C. § 1915(g), and the Court's September 30, 2008 Order granting Plaintiff's Motion to Proceed IFP [Doc. No. 5] is VACATED to the extent it permitted Plaintiff permission to pay the civil filing fee pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1) and (2).

(3)  Plaintiff must, within forty five (45) days from the date this Order is filed, submit the entire $350 civil filing fee the Clerk of Court as required by 28 U.S.C. § 1914(a). If Plaintiff fails to do so, the Court will enter an Order dismissing this action.

**IT IS SO ORDERED.**

DATED: April 13, 2010

_____
HON. DANA M. SABRAW
United States District Judge